■ In the Matter of WALTER NEFF et al., Respondents, v ZONING BOARD OF APPEALS OF THE VILLAGE OF BUCHANAN, Appellant. [639 NYS2d 45] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Buchanan, dated December 1, 1993, denying the petitioners' application for a variance, the appeal is from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered June 2, 1994, which, *inter alia,* granted the petition and annulled the determination of the Zoning Board of Appeals of the Village of Buchanan.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioners, Walter and Nancy Neff, own two adjoining lots in the Village of Buchanan (hereinafter the Village). One of the lots is improved by a one-family dwelling. The second lot is of substandard width and is unimproved. In February 1993, the Neffs applied for a variance for the substandard lot so that they could improve the lot with a one-family dwelling. The Village Zoning Board of Appeals (hereinafter the Board) denied their application, finding (1) that the two lots had merged and were considered one lot under Village Zoning Ordinance § 211-36 (B), and (2) that the Neffs had failed to satisfy the threshold requirements for a variance under Village Zoning Ordinance § 211-36 (A).

The Neffs then commenced this proceeding pursuant to CPLR article 78 to review the Board's determination. By judgment entered June 2, 1994, the Supreme Court, Westchester County, found that while the two lots had merged, Village Zoning Ordinance § 211-36 (A) did not preclude a variance application, and the court remitted the matter to the Board, directing it to grant the requested variance, with any reasonable conditions. We now reverse.

Village Zoning Ordinance § 211-36 (A) empowers the Board to consider applications for variances only "[w]here a nonconforming lot exists as a separate entity and the owner of the

nonconforming lot does not own an adjoining lot". The Supreme Court's interpretation of the statute, that the word "and" should be read in the disjunctive, and therefore only one factor had to be established, either nonmerger or nonownership, completely changes the plain meaning of the statute. Even if, as the Supreme Court suggested, the statute is redundant, courts are not empowered to rewrite a statute in such a way as to change the plain meaning of its terms (*see, Matter of Wood v Irving,* 85 NY2d 238). Therefore, we find that both nonmerger and nonownership must be established before a variance application can be considered. It is undisputed that the petitioners owned the adjoining lot. Therefore, the petitioners failed to establish nonownership.

In view of our determination we reach no other issue. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.